IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HILLARY HOFFNER,

Plaintiff,

v.

ASSOCIATED LUMBER INDUSTRIES, INC.,

Defendant.                                                     No. 12-cv-00239-DRH-PMF

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

I. Introduction and Background

Pending before the Court is defendant's motion for summary judgment (Doc. 35), and defendant's reply to plaintiff's response (Doc. 37). Defendant, Associated Lumber Industries, Incorporated ("Associated"), claims it is entitled to summary judgment because it exercised reasonable care to prevent and correct the sexually harassing behavior, and because plaintiff unreasonably failed to take advantage of any preventive or corrective measures. Plaintiff opposes the motion (Doc. 36), although she consents to the entry of summary judgment in count three, conceding that it is encompassed by count two.

Plaintiff, Hillary Hoffner, filed her complaint (Doc. 2) against defendant and David Barnhardt, her supervisor on March 16, 2012. Plaintiff's complaint alleged one count of sexual harassment and hostile work environment in violation of Title VII, one count of sexual harassment in violation of the Illinois Human Rights Act ("IHRA"), and one count of constructive discharge. In her complaint, plaintiff

alleges that Associated is an Illinois corporation, and she was employed by Associated as a cashier from June 15, 2011 until her alleged constructive discharge on August 22, 2011. Plaintiff alleges that she was sexually harassed by her supervisor, David Barnhardt[1] and subjected to unwanted and unwelcome attention from him. Plaintiff also alleges that she complained to Arthur Mize, the General Manager over the facility in which she was employed. Plaintiff further alleges that Associated did not, to her knowledge, have a policy in place to address the sexual harassment and did not take appropriate measures to prevent future occurrence of Barnhardt's harassment. Plaintiff further alleges that due to the sexual harassment and Associated's failure to prevent the ongoing harassment, she was forced to resign her position.

In count one, plaintiff alleges that she was subjected to unwelcome and unwanted sexual harassment from her supervisor, in violation of Title VII, 42 U.S.C. § 2000(e) et seq. Plaintiff claims defendant allowed a hostile work environment in that the unlawful practices of which she complained were allowed to continue after her complaints. In count two, in violation of the IHRA, 775 ILCS 5/2-102(D), plaintiff reincorporates the same allegations as count one.

## II. Summary Judgment

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving

---

[1] On June 19, 2012, with plaintiff's consent, the Court dismissed Barnhardt from this action.

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record or affidavits that demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All justifiable inferences are to drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

If the moving party meets its burden, the non-moving party has the burden of presenting specific facts to show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. In ruling on a motion for summary judgment, the non-moving party's evidence "is to be believed," and all justifiable inferences drawn from it in the light most favorable to the non-moving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). Summary judgment in favor of the party with the burden of persuasion is "inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Id.* at 553.

### III. Analysis

**Sexual Harassment and Hostile Work Environment**

Defendant first argues that plaintiff cannot prove employer liability because she did not suffer a tangible employment action. Defendant further argues that

because plaintiff did not suffer a tangible employment action, it is entitled to the use of an affirmative defense known as the *Faragher/Ellerth* defense based on two United States Supreme Court cases decided on the same day. The cases, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), clarified when an employer may claim an affirmative defense against vicarious liability for an action committed by a supervisor. In *Ellerth*, the Supreme Court held:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence.

*Ellerth*, 524 U.S. at 765. The Court clarified that its holding applied equally to the *Faragher* case as well. *Id.* at 764. There are two essential elements of the affirmative defense: (1) the employer must show that it exercised reasonable care to prevent and promptly correct any sexually harassing behavior; and (2) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective measures the employer provided, or to otherwise avoid harm. *Id.* at 765.

Although plaintiff claims she was constructively discharged, defendant disputes that. If plaintiff was constructively discharged, then the harassment ended in a tangible employment action and defendant is precluded from asserting its affirmative defense based on the *Faragher* and *Ellerth* cases.

For a plaintiff to prevail on a claim of sexual harassment based on hostile work environment, she must establish that: (1) she was subjected to unwelcome sexual harassment; (2) the harassment was based on her sex; (3) the sexual harassment unreasonably interfered with her work performance by creating an intimidating, hostile or offensive work environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability. *McPherson v. City of Waukegan*, 379 F.3d 430, 437-38 (7th Cir. 2004) (internal quotations and citations omitted). Further, to prove that she was subjected to a hostile work environment, Hoffner must demonstrate with sufficient evidence that the conduct to which she was subjected was "so severe or pervasive as to alter the conditions of employment and create an abusive working environment." *Id.* at 438. The *McPherson* court holds that to qualify as hostile, the work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id* (internal quotations and citations omitted). Moreover, to show that a hostile work environment resulted in her constructive discharge, Hoffner must not only demonstrate that a hostile work environment existed, but also that the abusive working environment was so intolerable that her resignation was an appropriate response. *Id.* at 440. Constructive discharge denotes a situation "in which an employee is not fired but quits, but in circumstances in which the working conditions have made remaining with this employer simply intolerable." *Id.*

In examining plaintiff's work environment before she claims she was constructively discharged, the Court notes that plaintiff claims she was subjected to what amounts to retaliatory behavior from Barnhardt after she reported her claims of his sexual harassment to Mize. In her email to Mize, in which Hoffner informed him that her work environment was intolerable and she was resigning immediately, she described Barnhardt's "exaggerated gestures and comments" along with his "sarcastic remarks" and patronizing behavior. Hoffner also references an encounter with Mize at the store two days after she reported the alleged harassment to him. Hoffner claims she was crying and Mize ignored the situation, inquiring how she was, but not reacting to her answer of "not too good." In fact, Mize's notes from his initial meeting with Hoffner indicate that he told her that he appreciated her not wanting anyone to "loose [sic] their job" and that Barnhardt "is now earning what he is being paid and has become a productive employee."

From these facts, the Court finds it is reasonable for plaintiff to perceive that remaining in her position at Associated was intolerable, in that Barnhardt's retaliatory behavior and Mize's seeming indifference to Hoffner's misery, and unwillingness to remove Barnhardt from his supervisory position over her, was the only outcome of her reporting the sexual harassment. Moreover, Hoffner claims that Associated had no policy to deal with sexual harassment complaints of which she was aware. Hoffner perceived that defendant did not exercise reasonable care to prevent or correct the continuing harassment.

Hoffner's evidence, as the non-moving party, "is to be believed," and all justifiable inferences drawn from it in the light most favorable to her.  *Hunt*, 526 U.S. at 552.  Summary judgment in favor of the party with the burden of persuasion is "inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Id.* at 553.

Here, Hoffner has alleged multiple instances that she was subjected to unwelcome sexual harassment, based on her sex.  Hoffner alleged that the harassment began on the day she was hired, when Barnhardt apologized to her in advance for anything inappropriate he might do or say to her.  According to Hoffner's complaint, Barnhardt continued to sexually harass her, making comments to her about her body and what he would like to do to her, continually asking her if "hairy fat men turned her on," and ignoring plaintiff's requests to stop harassing her.

In addition, plaintiff claims the sexual harassment unreasonably interfered with her work performance and created an intimidating, hostile or offensive work environment that affected seriously her psychological well-being. Further, because Mize did nothing to prevent Barnhardt from continuing to harass or retaliate against Hoffner after she complained, there is a basis for employer liability. Defendant concedes that after she complained to Mize, plaintiff was subject to retaliatory action by Barnhardt, which it characterizes as "childish" but "not enough to justify resignation."  The Court does not find that Hoffner unreasonably

failed to take advantage of any preventive or corrective measures the employer provided, or to otherwise avoid harm.

Thus, the Court finds the evidence is susceptible to different interpretations, creating a genuine issue of material fact, and summary judgment is not appropriate on count one.

**Violation of IHRA**

Defendant argues that plaintiff did not properly file a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and thus, has no cause of action under the IHRA.  Defendant claims that when plaintiff filed her charge with the EEOC in St. Louis, Missouri, she did so on a form that included the Missouri Commission on Human Rights, but not the IDHR.  Plaintiff disputes that her claim was not properly filed, calling the Court's attention to 775 ILCS 5/7A-102.  775 ILCS 5/7A-102(A-1) states, in pertinent part: "If a charge is filed with the Equal Employment Opportunity Commission (EEOC) within 180 days after the date of the alleged civil rights violation, the charge shall be deemed filed with the Department [IDHR] on the date filed with the EEOC."

In this case, it is undisputed that plaintiff filed her charge with the EEOC in a timely manner.  According to the statute, the EEOC is responsible for notifying the IDHR.  The Court takes note that the St. Louis District Office of the EEOC has jurisdiction over the States of Kansas, Missouri, Nebraska, and Oklahoma, and several counties in Illinois, including Union County in which Anna, Illinois is located.  Drawing all justifiable inferences in the light most favorable to Hoffner,

the Court finds that plaintiff met her filing obligation with the IDHR, and denies summary judgment on count two.

### IV. Conclusion

Based on the aforementioned reasons, the Court concludes genuine issues of material fact remain for the trier of fact regarding whether plaintiff was subjected to unwelcome and unwanted sexual harassment sufficient to support a Title VII hostile work environment claim, and whether her claim was properly filed with the IDHR. Further, the Court concludes genuine issues of material fact remain for the trier of fact regarding whether plaintiff was constructively discharged. Accordingly, defendant's motion is **DENIED** as to both count one and count two. Because the parties agree on the disposition of count three, the Court **GRANTS** summary judgment as to count three only.

**IT IS SO ORDERED.**

Signed this 11th day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.11 16:40:19 -05'00'

**Chief Judge**
**United States District Court**